# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 09, 2023

Mr. Philip Jordan Axt
North Dakota Office of the Attorney General
600 E. Boulevard Ave., Dept 125
Bismarck, ND 58505

Mr. Christopher Bates
Office of the Attorney General
for the State of Utah
160 E. 300, S.
Salt Lake City, UT 84111-2305

Mr. Joshua M. Divine
Office of The Missouri Attorney General
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102

Mr. Charles Kenneth Eldred
Office of the Attorney General of Texas
Tax Division
P.O. Box 12548
Austin, TX 78711-2548

Mr. Andrew N. Ferguson
Office of the Attorney General
Solicitor General Division
202 N. 9th Street
Richmond, VA 23219

Mr. Franklin Scott Flow
Flow Law Firm, P.L.L.C.
P.O. Box 2673
Amarillo, TX 79105-2673

Mr. Eric J. Hamilton
Office of the Attorney General
for the State of Nebraska
2115 State Capitol
Lincoln, NE 68509-8920

Mr. Benjamin J. Hofmeister
Office of the Attorney General
123 4th Street
P.O. Box 110300
Suite 600
Juneau, AK 99811

Mrs. Melissa A. Holyoak
Office of the  Attorney General
for the State of Utah
350 N. State Street
Suite 230
Salt Lake City, UT 84114

Mr. Gabriel Krimm
Office of the Attorney General
for the State of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Mr. Matthew F. Kuhn
Office of the Attorney General
Office of the Solicitor General
700 Capital Avenue
Suite 118
Frankfort, KY 40601

Mr. Edmund Gerard LaCour Jr.
Office of the Attorney General
for the State of Alabama
501 Washington Avenue
Montgomery, AL 36104-0000

Mr. Stephen John Petrany
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA 30334

Mr. Brunn W. Roysden III
Fusion Law, P.L.L.C.
7600 N. 15th Street
Suite 150
Phoenix, AZ 85020

Mr. Joseph Scott St. John
Louisiana Department of Justice
Office of the Solicitor General
909 Poydras Street
Suite 1850
New Orleans, LA 70112

Mr. Joshua N. Turner
Idaho Office of the Attorney General
Office of the Solicitor General
514 W. Jefferson Street
P.O. Box 83720
Boise, ID 83720

Mr. Henry Charles Whitaker
Office of the Attorney General
for the State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

    No. 23-11097   State of Utah v. Su
                 USDC No. 2:23-CV-16

Dear Mr. Axt, Mr. Bates, Mr. Divine, Mr. Eldred, Mr. Ferguson, Mr. Flow, Mr. Hamilton, Mr. Hofmeister, Mrs. Holyoak, Mr. Krimm, Mr. Kuhn, Mr. LaCour, Mr. Petrany, Mr. Roysden, Mr. St. John, Mr. Turner, Mr. Whitaker,

We have docketed the appeal as shown above, and ask you to use the case number for future inquires. You can obtain a copy of our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist".

Briefing Notice: The record is complete for purposes of the appeal, see Fed. R. App. P. 12. Appellant's brief and record excerpts are due within 40 days of the date shown above, see Fed. R. App. P. & 5th Cir. R. 28, 30, and 31. See also 5th Cir. R. 30.1.2 and 5th Cir. R. 31.1 to determine if you have to file electronic copies of the brief and record excerpts. [If required, electronic copies MUST be in Portable Document Format (PDF).]

Record Excerpts: 5th Cir. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court must contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

Brief Covers: THE CASE CAPTION(S) ON BRIEF COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S). YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF TO THE COURT.

Policy on Extensions: The court grants extensions sparingly and under the criteria of 5th Cir. R. 31.4. If you request an extension, you must contact opposing counsel and tell us if the extension is opposed or not. 5th Cir. R. 31.4 and the Internal Operating Procedures following rules 27 and 31 state that except in the most extraordinary circumstances, the maximum extension for

filing briefs is 30 days in criminal cases and 40 days in civil cases.

Reply Brief: We do not send cases to the court until all briefs are filed, except in criminal appeals. Reply briefs must be filed within the 21 day period of Fed. R. App. P. 31(a)(1). See 5th Cir. R. 31.1 to determine if you have to file electronic copies of the brief, and the format.

Dismissal of Appeals: The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

Appearance Form: If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date. You must name each party you represent, See Fed. R. App. P. and 5th Cir. R. 12. The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

Brief Template: The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

VIDEO/AUDIO EXHIBITS: If this record contains exhibits (e.g. Dash cam or Body cam videos) that must be submitted to the court's attention, you must provide them to the District Court in MP4 format for submission to our court.

**Guidance Regarding Citations in Pleadings.**

5th Cir. R. 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal. You must use the proper citation format when citing to the electronic record on appeal.

   A. In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number. For example, "ROA.123."

  B. For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record. For example, "ROA.13-12345.123.".

  C. Please note each individual citation must end using a termination of a period (.) or semicolon (;).

Pro se litigants may request the record from the district court to prepare their brief. Those proceeding in forma pauperis may receive the record without payment of shipping costs. If you wish to receive exhibits, you must specifically request them.

**Once you obtain the record, you should check it within 14 days of receipt for any missing or incomplete items. If you need to request a supplemental record or order transcripts, do so promptly. The court will not grant extensions of time to file your brief because you did not timely check the record.**

**Reminder as to Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/ Melissa Courseault
Melissa Courseault, Deputy Clerk
504-310-7701

Enclosure(s)

cc w/encl:
  Ms. Leslie Cooper Vigen
  Mr. Daniel Winik

Case No. 23-11097

State of Utah; State of Texas; Commonwealth of Virginia; State of Louisiana; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Georgia; State of Indiana; State of Idaho; State of Iowa; State of Kansas; Commonwealth of Kentucky; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of New Hampshire; State of North Dakota; State of Ohio; State of South Carolina; State of Tennessee; State of West Virginia; State of Wyoming; Liberty Energy, Incorporated; Liberty Oilfield Services, L.L.C.; Western Energy Alliance; James R. Copland; Alex L. Fairly; State of Oklahoma,

    Plaintiffs - Appellants

v.

Julie A. Su, Acting Secretary, U.S. Department of Labor; United States Department of Labor,

    Defendants - Appellees