**BOYDEN GRAY PLLC**
801 17TH STREET NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

June 28, 2024

Honorable Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:   Rule 28(j) Letter in *State of Utah v. Su*, No. 23-11097

Mr. Cayce:

In *Loper Bright Enterprises v. Raimondo*, Nos. 22-451, 22-1219, (U.S. June 28, 2024), the Supreme Court overruled *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984). Going forward, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority" and "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright*, slip op. at 35.

In this case, the district court deferred under *Chevron* to the Department of Labor ("DOL")'s interpretation of the Employee Retirement Income Security Act ("ERISA"). ROA.2293–97. This Court now must determine whether the 2022 Rule's tiebreaker provision is lawful under the best reading of that statute. It is not. Opening.Br.25–45. Indeed, the Supreme Court has already held that ERISA confines fiduciaries to the consideration of "*financial* benefits," not "nonpecuniary benefits." Opening.Br.26 (quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 421 (2014)).

While *Loper Bright* acknowledged that courts may pay "attention" to Executive Branch statutory interpretation, it explained that "respect" for those interpretations is most "warranted when an Executive Branch interpretation was issued roughly contemporaneously with enactment of the statute and remained consistent over time." *Loper Bright*, slip op. at

8, 35. Similarly, the Court noted that the power of an Executive Branch interpretation to persuade turns on the "thoroughness evident in its consideration" and "the validity of its reasoning." *Id.* at 10 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

DOL's interpretations of ERISA that authorized nonpecuniary tiebreaker considerations came well after enactment, equivocated over time, and lacked thorough statutory analysis. Opening.Br.42–46; Reply.Br.18–19.

Respectfully,

/s/ Stanford E. Purser
Stanford E. Purser
  Solicitor General
UTAH ATTORNEY GENERAL'S OFFICE
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
spurser@agutah.gov

*Counsel for State of Utah*

/s/ Jonathan Berry
Jonathan Berry
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
jberry@boydengray.com

*Counsel for Liberty Energy Inc., Liberty Oilfield Services LLC, and Western Energy Alliance*

/s/ Neville Hedley
Neville Hedley
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
(917) 327-2392
ned.hedley@hlli.org

*Counsel for James R. Copland and Alex L. Fairly*

cc:    All Counsel